NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH ARUANNO, | Civil Action No. 11-1151 (WJM) |
| Plaintiff, | |
| v. | OPINION |
| STEVEN JOHNSON, et al., | |
| Defendants. | |

**APPEARANCES**:

    JOSEPH ARUANNO, #363
    Special Treatment unit
    P.O. Box 905
    Avenel, New Jersey  07001
    Plaintiff *Pro Se*

**MARTINI, District Judge**:

    This case is before this Court on remand.   Joseph Aruanno, who is confined at the Special Treatment Unit Annex in Avenel, New Jersey, filed a civil rights complaint (ECF No. 1) against Steven Johnson, Assistant Superintendent; Merrill Main, Director; and 25 John/Jane Does.   This Court dismissed the complaint with leave to amend and Aruanno filed an amended complaint, which this Court dismissed with prejudice, finding that further amendment of Aruanno's claims, including his access to courts claim, would be futile.   Aruanno appealed, and the Third Circuit reversed the dismissal of Aruanno's access to courts claim where Aruanno had alleged in the complaint that he "managed to obtain a remand involving his criminal conviction but the defendants refused to take him to court [during November 2009] in Cape May for the hearing which resulted in failure."    (Complaint, ECF No. 1 at 8.)

This Court will reopen the case on remand and dismiss the access to courts claim for lack of actual injury because the electronically available opinion of the Appellate Division of the New Jersey Superior Court unequivocally establishes that on November 30, 2009, the Law Division judge dismissed Aruanno's remanded criminal case on the merits, and not because defendants refused to take Aruanno to court.[1]  *See State v. Aruanno*, 2012 WL 1948670 (N.J. Super., App. Div., May 31, 2012), *certif. denied,* 212 N.J. 455 (2012) (table).

## I.  BACKGROUND

In his original complaint, Aruanno alleged (among other things) that the defendants denied him access to courts.  In addressing the resulting harm, he asserted that he obtained a remand involving his criminal conviction, but that the defendants "refused to take him to court in Cape May for the hearing which resulted in failure," and that the hearing date was in November 2009. (Complaint, ECF No. 1 at p. 8.)  This Court dismissed this access to courts claim for failure to assert facts to support a conclusion that he lost the opportunity to pursue a non-frivolous cause of action, but granted Aruanno leave to file an amended complaint to state a cognizable access to courts claim.  (Opinion, ECF No. 2.)

Aruanno filed an amended complaint.  (Am. Complaint, ECF No. 9.)  Among other things, he alleged that defendants' refusal to take him to a court proceeding "for the remand of an invalid conviction," resulted in "failure" of the proceeding.  *Id.* ECF No. 9 at 3-4.  On April 12, 2012, this Court dismissed the amended complaint for failure to state a claim.[2]  (Opinion, ECF

---

[1] Subsequent to the remand, Aruanno filed an application for the appointment of pro bono counsel. This Court will deny the application as moot.

[2] Specifically, this Court found that the amended complaint did not correct the deficiencies concerning the access to courts claim in the complaint.  (Opinion, ECF No. 14 at 10.)

No. 14.) This Court did not grant leave for Aruanno to amend the complaint again, finding that further amendment would be futile. *Id.*

Aruanno appealed. On June 6, 2013, the Third Circuit reversed this Court's dismissal of Aruanno's access to courts claim on the ground that "Aruanno did identify at least one cause of action that resulted in 'failure,' namely, the [November 2009] court proceeding concerning his conviction. References to this proceeding appear in both versions of his complaint." (Third Circuit Opinion, ECF No. 20-1 at 4.) "Because Aruanno did specify actual injury to his litigation, and because this action is not barred by claim preclusion, we will not uphold the District Court's sua sponte dismissal." *Id.* at p. 5.

The month following this Court's April 2012 dismissal of Aruanno's complaint and Aruanno's filing of his notice of appeal, on May 31, 2012, the New Jersey Appellate Division affirmed the Law Division's November 30, 2009, order. This Court takes judicial notice of that opinion, which affirmed the Law Division's dismissal of Aruanno's remanded post-conviction relief proceeding.[3] *See State v. Aruanno*, 2012 WL 1948670 (N.J. Super., App. Div., May 31, 2012), *certif. denied,* 212 N.J. 455 (2012) (table). In outlining the procedural history of Aruanno's PCR proceeding in the New Jersey courts, the Appellate Division notes that on April 21, 2009, the Appellate Division had remanded the matter for the Law Division to conduct a hearing and determine whether Aruanno was entitled to a new criminal trial. *See Aruanno,* 2012 WL 1948670 *1. The Appellate Division opinion states that, on remand, Judge Garofolo

---

[3] The Appellate Division opinion is readily verifiable with Westlaw access to New Jersey court decisions. *See* Fed. R. Evid. 201(b)(2) (allowing judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *see also Leggett v. Bates,* ___ Fed. App'x ___, 2013 WL 3888596 *1 n.2 (3d Cir. July 30, 2013); *United States v. Behmanshah*, 49 Fed. App'x 372, 376 n.2 (3d Cir. 2002); *Olivera v. Warden Ft. Dix Prison,* 2013 WL 1144783 (D.N.J. Mar. 18, 2013).

conducted an evidentiary hearing and, on November 30, 2009, denied Aruanno's PCR petition in a written decision and order. *Id.* The Appellate Division explains Judge Garofolo's rationale for denying Aruanno's remanded PCR petition as follows:

> Following a hearing, Judge Albert J. Garofolo determined that, though the showup was inherently suggestive, the identification was reliable. Judge Garofolo also determined that the victim's video-taped statement to police was reliable and had properly been admitted into evidence at trial. In view of those determinations, [Judge Garofolo found that] trial counsel's failure to challenge the showup identification and the victim's statement d[id] not require a new trial.

*Aruanno,* 2012 WL 1948670 at *1.

On appeal from Judge Garofolo's November 30, 2009, opinion and order, Aruanno argued that he was denied the effective assistance of counsel because counsel failed to pursue a *Wade* hearing[4] and because counsel failed to pursue a *Michaels* hearing.[5] *See Aruanno,* 2012 WL 1948670 at *2. The Appellate Division affirmed substantially for the reasons explained by Judge Garofolo in his November 30, 2009 opinion. *Id.* The New Jersey Supreme Court denied certification on November 16, 2012. *See State v. Aruanno,* 212 N.J. 455 (2012) (table).

## II. DISCUSSION

Where, as in this case, a person is proceeding *in forma pauperis,* 28 U.S.C. § 1915(e)(2)(B)(ii) requires a court to "dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). On April 12, 2012, this Court dismissed Aruanno's access to courts claim[6] in

---

[4] *See United States v. Wade,* 388 U.S. 218 (1967).

[5] *See State v. Michaels,* 136 N.J. 299 (1994).

[6] "Like prisoners, individuals who are involuntarily committed to mental institutions have the right to access the courts." *Aruanno v. Main,* 467 Fed. App'x 134, 136 (3d Cir. 2012). Standing of civilly committed persons to pursue an access to courts claim is governed by *Lewis v. Casey,*

4

his amended complaint without granting further leave to amend because (1) Aruanno's amended complaint, like his complaint, failed to set forth facts supporting his conclusory statement that defendants caused the "failure" of his remanded criminal case by not taking him to a state court hearing in November 2009, and (2) this access to courts claim was barred by claim preclusion. (Opinion, ECF No. 14.) In June 2013, the Third Circuit reversed the dismissal with prejudice of this access to courts claim, and remanded, on the ground that this Court erred in finding that the access to courts claim was barred by claim preclusion.[7] But after this Court issued its Opinion in April 2012, as set forth above, on May 31, 2012, the Appellate Division explained the rationale for the Law Division's November 2009 dismissal of Aruanno's remanded PCR proceeding, and affirmed the dismissal on the merits for the reasons explained by the Law Division. The Appellate Division opinion clarifies that Judge Garofolo denied Aruanno's remanded PCR petition on the merits, and not due to defendants' alleged failure to take Aruanno to the PCR court in November 2009. Accordingly, there can be no doubt that defendants' conduct did not cause the "failure" of Aruanno's PCR proceeding or cause him to suffer actual injury to a non-frivolous legal matter, as alleged by Aruanno. This Court is required by § 1915(e)(2)(B)(ii) to dismiss

---

518 U.S. 343, 349 (1996). *Id.; see also Tucker v. Arnold,* 361 Fed. App'x 409, 411 (3d Cir. 2010). Where prisoners or involuntarily committed persons assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must "show (1) that they suffered an 'actual injury' – that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit." *Monroe v. Beard,*, 536 F.3d 198, 205 (3d Cir. 2008), *cert. denied, Stover v. Beard,* 129 S.Ct. 1647 (2009) (quoting *Christopher v. Harbury,*, 536 U.S. 403, 415 (2002)).

[7] The Third Circuit did not discuss this Court's other ground for dismissing with prejudice.

Aruanno's remanded access to courts claim with prejudice for failure to state a claim.[8]  This Court will deny his application for appointment of pro bono counsel as moot.[9]

### III.   CONCLUSION

For the foregoing reasons, this Court will reopen the case on remand, dismiss the remanded access to courts claim with prejudice, and deny the application for the appointment of pro bono counsel as moot.   An appropriate Order accompanies this Opinion.

s/William J. Martini

**WILLIAM J. MARTINI, U.S.D.J.**

DATED:   August 13 , 2013

---

[8] It would appear that Aruanno's assertions to this Court (and the Third Circuit) that defendants caused the failure of his PCR proceeding by not taking him to a hearing in November 2009 may have been disingenuous.  This Court warns Aruanno that Rule 11 of the Federal Rules of Civil Procedure specifies that, by presenting to the court a pleading or other paper, an "unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . the factual contentions have evidentiary support . . ."  Fed. R. Civ. P. 11(b)(3).  Rule 11(c) authorizes a court to sanction an unrepresented party, after notice and a reasonable opportunity to respond, if the court determines that the party has violated Rule 11(b).  *See* Fed. R. Civ.P. 11(c)(1).

[9]  This Court is mindful of the Third Circuit's comment that this Court did not acknowledge Aruanno's allegations of retaliation. A prisoner or civilly committed person alleging retaliation must assert facts showing (1) constitutionally protected conduct, (2) an adverse action by prison officials sufficient to deter a person of ordinary firmness from exercising his First Amendment rights, and (3) a causal link between the protected conduct and the adverse action taken against him. *See Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003).  Aruanno did not assert in the complaint or amended complaint any non-conclusory facts showing that any defendant violated his First Amendment right to avoid retaliation.   To the extent he sought to assert that defendants did not take him to the November 2009 remanded proceeding in retaliation for his exercise of First Amendment rights, the claim fails because, given that the state courts dismissed his proceeding on the merits, there was no adverse action.